UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAMALDEEP K RIDER,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK N.A.,<br><br>Defendant. | Case No. 20-CV-06888-LHK<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTIONS TO DISMISS WITH PREJUDICE AND FOR SANCTIONS**<br><br>Re: Dkt. Nos. 4, 14 |

*Pro se* Plaintiff Kamaldeep K. Rider sues Defendant JPMorgan Chase Bank for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and various California laws. Before the Court are Defendant's (1) unopposed motion to dismiss Plaintiff's complaint, ECF No. 4; and (2) unopposed motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, ECF No. 14. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to dismiss with prejudice and GRANTS Defendant's motion for sanctions.

**I.   BACKGROUND**

On August 25, 2020, *pro se* Plaintiff Kamaldeep K. Rider sued Defendant JPMorgan

1

Case No. 20-CV-06888-LHK
ORDER GRANTING DEFENDANT'S UNOPPOSED MOTIONS TO DISMISS WITH PREJUDICE AND FOR SANCTIONS

Chase Bank in the Small Claims Division of Santa Clara County Superior Court. ECF No. 1. The complaint alleges that Defendant violated the FDCPA; the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code Code § 1788 *et seq.*; the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.*; the California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200; Cal. Civ. Code § 1714(a); and California common law against misrepresentation, concealment, and unjust Enrichment. ECF No. 1-1 (Plaintiff's declaration attached to complaint). Plaintiff specifically alleges that "Defendent [sic] never sent 'conspicuous notice' telling me that a negative credit item was just reported or would be." *Id.* Plaintiff further alleges that Defendant has "NO right to report to my credit reports [sic]" and "had failed to note the account with a dispute status." *Id.*

On October 2, 2020, Defendant removed the instant case to this Court. ECF No. 1. On the same day, Defendant filed the instant motion to dismiss the complaint with prejudice. ECF No. 4. Defendant argues that claim preclusion (a.k.a. *res judicata*) and issue preclusion (a.k.a. collateral estoppel) bar Plaintiff's claims. *Id.* at 6. As support, Defendant relies on another suit that Plaintiff against Defendant: *Kamaldeep K. Rider vs. JPMorgan Chase Bank*, No. SSC20200036 (filed Apr. 1, 2020; Small Claims Division of El Dorado County Superior Court) (the "El Dorado case"). *Id.* at 3–4 (summarizing case); ECF No. 4-1 at 12 (complaint from the El Dorado case).[1] There, Plaintiff also alleged that "Defendent [sic] never sent 'conspicuous notice' telling me that a negative credit item was just reported or would be." Plaintiff likewise alleged that she "ran [her] credit reports and see no [sic] required 'dispute' language on any of the credit reports." *Id.*

The deadline for Plaintiff to respond to the motion to dismiss was October 16, 2020. ECF

---

[1] The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Here, the Court takes judicial notice of publicly filed court complaints and judgments, which Defendant attaches to the instant motions.

2
Case No. 20-CV-06888-LHK
ORDER GRANTING DEFENDANT'S UNOPPOSED MOTIONS TO DISMISS WITH PREJUDICE AND FOR SANCTIONS

1   No. 4. To date, Plaintiff has failed to file a response. On October 23, 2020, Defendant filed a

2   timely reply in support of the motion to dismiss. ECF No. 9. Defendant argues that Plaintiff's

3   failure to respond is another reason to grant the motion to dismiss. *Id.*

4         On December 29, 2020, Defendant filed the instant motion for sanctions. ECF No. 14.

5   Defendant argues that Plaintiff's complaint is "frivolous, legally unreasonable, and constitutes

6   harassment due to the repeated filings." *Id.* at 7. Defendant asks this Court to order Defendant to

7   pay reasonable attorneys' fees of $6,900.67 and costs of $16.67. ECF No. 17 at 4.

8         The deadline for Plaintiff to respond to the motion for sanctions was January 12, 2021.

9   ECF No. 14. Here too, Plaintiff has failed to file a response. On January 19, 2021, Defendant filed

10  a timely reply in support of the motion for sanctions. ECF No. 17. As with the unopposed motion

11  to dismiss, Defendant argues that Plaintiff's failure to respond is another reason to grant the

12  motion for sanctions. *Id.* at 3.

## II. DISCUSSION

As a general matter, "[a] district court may properly grant a motion for failure to file an opposition." *Joe Hand Promotions, Inc. v. Cookerly*, No. 11-CV-03263-SBA, 2012 U.S. Dist. LEXIS 37743, at *2 (N.D. Cal. Mar. 20, 2012); *accord, e.g.*, *Gwaduri v. INS*, 362 F.3d 1144, 1146–47, n.3 (9th Cir. 2004) (holding that it "is beyond question" that courts may grant unopposed motions); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal of case because plaintiff failed to file an opposition to motion to dismiss). Plaintiff's failure to respond to either motion thus allows the Court to grant both motions.

Even so, the Court briefly addresses the unopposed merits of Defendant's motions. In short, the Court agrees with Defendant. Claim preclusion bars Plaintiff's claims; and Plaintiff's sanctionable litigation conduct supports awarding Defendant $6,900.67 in attorneys' fees and $16.67 in costs.

### A. Claim preclusion bars Plaintiff's claims.

Defendant argues that claim and issue preclusion bar Plaintiff's claims. ECF No. 4 at 6–9.

3

Case No. 20-CV-06888-LHK
ORDER GRANTING DEFENDANT'S UNOPPOSED MOTIONS TO DISMISS WITH PREJUDICE AND FOR SANCTIONS

1   As explained below, the Court agrees that claim preclusion bars Plaintiff's claims. Thus, the Court
2   need not reach issue preclusion.

3   "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any
4   claims that were raised *or could have been raised* in the prior action." *W. Radio Servs. Co. v.
5   Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added). Claim preclusion "applies when
6   the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final
7   judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-
8   Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (internal alterations omitted) (quoting *Sidhu v.
9   Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)). Here, Plaintiff's prior action—the aforementioned
10  El Dorado case, *Kamaldeep K. Rider vs. JPMorgan Chase Bank*, No. SSC20200036 (filed Apr. 1,
11  2020 in El Dorado County Superior Court)—satisfies all three elements of claim preclusion.

12  First, the El Dorado case involved the same cause of action as the instant case because "the
13  two suits arise out of the same transactional nucleus of facts." *Id.*; *accord id.* at 988 (holding that a
14  common nucleus of facts is often "outcome determinative under the first res judicata element").
15  Specifically, both cases arise out of allegations related to Plaintiff's credit reports. The complaints
16  even contain identical language. *Compare* ECF No. 1-1 ("Defendent [sic] never sent 'conspicuous
17  notice' telling me that a negative credit item was just reported or would be."), *with* ECF No. 4-1 at
18  12 (same). Both cases also allege that Defendant failed to note that a certain account was in
19  dispute. *Compare* ECF No. 1-1 (alleging that Defendant "failed to note the account with a dispute
20  status"), *with* ECF No. 4-1 at 12 (alleging that despite a fax to Defendant, "I ran my credit reports
21  and see no required 'dispute' language"). Thus, the first element of claim preclusion is satisfied.

22  Second, the El Dorado case reached final judgment on the merits on September 8, 2020
23  after Plaintiff failed to appear for trial. ECF No. 4-1 at 16 (El Dorado Superior Court judgment);
24  ECF No. 4 at 3 (recounting failure to appear). Thus, the second element of claim preclusion is also
25  satisfied.

26  Third, the El Dorado case and the instant case involve identical parties: Plaintiff

1-28

Kamaldeep K. Rider and Defendant JPMorgan Chase Bank. *Compare* ECF No. 4-1 at 16 (naming parties), *with* ECF No. 1-1 (same). Thus, the last element of claim preclusion is satisfied.

Accordingly, the Court GRANTS Defendant's unopposed motion to dismiss the complaint with prejudice. Dismissal is with prejudice because "[i]t would be futile to amend the [complaint] when the Court has determined that claim preclusion bars Plaintiff's claims" so plainly. *Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1242 (N.D. Cal. 2019) (citing *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)); *see also, e.g.*, *Hernandez v. Fed. Home Loan Mortg. Corp.*, 663 F. App'x 518, 520 (9th Cir. 2016) (per curiam) (affirming claim preclusion dismissal without leave to amend).

### B. Plaintiff violated Rule 11 by filing and maintaining a frivolous suit; failing to respond to the instant motions; and showing a consistent disregard for the judicial process.

Defendant argues that "sanctions are warranted because Plaintiff's complaint is frivolous, legally unreasonable, and consti[]tutes harassment due to the repeated filings." ECF No. 14-1 (capitalization omitted). The Court agrees.

Where, as here, "a reasonable investigation would reveal that a claim is barred by *res judicata* or collateral estoppel, . . . Rule 11 sanctions may be imposed within the district court's discretion." *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Similarly, "[i]t is well-settled in the Ninth Circuit that the filing of 'successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11.'" *Kaufman v. Int'l Long Shore & Warehouse Union*, No. 16-CV-03386-JST, 2017 WL 3335760, at *5 (N.D. Cal. Aug. 4, 2017) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *as amended on denial of reh'g* (Mar. 26, 1997)). "This is true even when a plaintiff is proceeding pro se." *Id.*; *accord Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (reversing district court's decision to not sanction *pro se* litigant).

As explained in the previous Section, Plaintiff's complaint is clearly barred by claim preclusion. Moreover, the instant suit is Plaintiff's third suit alleging largely the same claims against Defendant. ECF No. 4-1 (attaching complaints). All three suits lack merit. Moreover,

5
Case No. 20-CV-06888-LHK
ORDER GRANTING DEFENDANT'S UNOPPOSED MOTIONS TO DISMISS WITH PREJUDICE AND FOR SANCTIONS

Plaintiff failed to appear at trial and in court for her first two cases, respectively. In the instant case, Plaintiff failed to respond to a motion to dismiss and a motion for sanctions. All three cases show Plaintiff's bad faith and non-responsive approach to litigation that Plaintiff initiates.

In the first suit—the El Dorado County case—Defendant won final judgment after Plaintiff failed to appear at trial. ECF No. 4-1 at 16.

In the second suit, which was filed on June 23, 2020 in Santa Clara County Superior Court's Small Claims Division, Plaintiff realleged essentially the same claims from the El Dorado case and the instant case. *See* ECF No. 4-1 (June 23, 2020 complaint). In fact, Plaintiff's complaint in the second case regurgitated much of the same language from the two other cases. *See, e.g.*, *id.* ("Defendent [sic] never sent 'conspicuous notice' telling me that a negative credit item was just reported or would be."). The second case also ended in dismissal because Plaintiff failed to appear in court. ECF No. 4-1 at 29 (Superior Court minute order).

In the instant case, Plaintiff has made the same claims precluded by the El Dorado County case and dismissed in the Santa Clara County case. In addition, just as in those two other cases, Plaintiff has violated court procedures. For instance:

- Civil Local Rule 7-3(a)–(b) requires a party to either timely oppose a motion or file a statement of non-opposition. Yet Plaintiff has done neither for the instant motions. Indeed, Plaintiff has missed the deadline for responding to the motion to dismiss by over three months—and counting.

- Defendant warned Plaintiff about the pending motion to dismiss and the frivolousness of the instant case. Specifically, on December 7, 2020, Defendant sent Plaintiff a letter that explained why the complaint must be dismissed, served the instant motion for sanctions, and asked Defendant to voluntarily dismiss the complaint. ECF No. 14-1 at 5. Plaintiff failed to respond. After the 21-day period provided in Federal Rule of Civil Procedure 11(c)(2), Defendant then filed the motion for sanctions. Plaintiff has also failed to respond to the motion for sanctions.

- Civil Local Rule 16-9 requires the parties to file a joint case management statement. Yet Plaintiff has ignored Defendant's repeated attempts to cooperate on a joint case management statement. *See* ECF No. 18-1 (declaration of Defendant's counsel). Nor has Plaintiff filed a separate case management statement for the January 27, 2021 case management conference.

6
Case No. 20-CV-06888-LHK
ORDER GRANTING DEFENDANT'S UNOPPOSED MOTIONS TO DISMISS WITH PREJUDICE AND FOR SANCTIONS

In sum, Plaintiff has not only brought "'successive complaints based upon propositions of law previously rejected,'" but also shown a consistent disregard for the judicial process. *Kaufman*, No. 16-CV-03386-JST, 2017 WL 3335760, at *5 (N.D. Cal. Aug. 4, 2017) (quoting *Buster*, 104 F.3d at 1190 (9th Cir. 1997)). Plaintiff has thus violated her duties under Rule 11 and the Civil Local Rules.

"Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction." Civ. L.R. 1-4. The authorized and appropriate sanction here is what Defendant seeks: $6,900.67 in attorneys' fees and $16.67 in costs incurred defending this action through December 7, 2020, but not additional fees and costs incurred after December 7, 2020. ECF No. 17 at 4. As the Ninth Circuit has explained, an award of attorney fees can be "an appropriate deterrent to future frivolous suits." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1037 (9th Cir. 1985) (quoting *Callow v. Amerace Corp.*, 681 F.2d 1242, 1243 (9th Cir. 1982)) (affirming sanctions). The Court agrees that an award of reasonable fees and costs is also an appropriate deterrent here.

Accordingly, the Court ORDERS Plaintiff to pay Defendant $6,900.67 in attorneys' fees and $16.67 in costs.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss the complaint with prejudice and GRANTS Defendant's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. The Court ORDERS Plaintiff to pay Defendant $6,900.67 in attorneys' fees and $16.67 in costs.

**IT IS SO ORDERED.**

Dated: January 22, 2021

_____
LUCY H. KOH
United States District Judge

7

Case No. 20-CV-06888-LHK
ORDER GRANTING DEFENDANT'S UNOPPOSED MOTIONS TO DISMISS WITH PREJUDICE AND FOR SANCTIONS